Daniel M. Groff, Appellant *v.* Township of Elizabeth, Lancaster County, Pennsylvania, Appellee.

Argued September 8, 1980, before Judges WILKINSON, JR., ROGERS and CRAIG, sitting as a panel of three.

*Daniel M. Groff*, petitioner, for himself.

*William C. Crosswell*, with him *Kent D. Mikus*, of *Morgan, Hallgren & Heinly*, P.C., for appellee.

OPINION BY JUDGE WILKINSON, JR., October 7, 1980:

Appellant was found guilty by the trial court, sitting without a jury, after a trial de novo, of the violation of Section 1406 of the Elizabeth Township Zoning Ordinance (parking or storing of automotive vehicles without current license plates and/or current inspection stickers). Appellant was unrepresented at the trial and is unrepresented in this appeal. His appeal is based solely on his right to court-appointed counsel at the de novo trial for this summary offense.

Appellant would be entitled to court-appointed counsel under Rule 316(a) of the Pennsylvania Rules of Criminal Procedure only when there is a likelihood that imprisonment will be imposed. In this case the penalty provided in the ordinance is the imposition of a fine. In default of the payment of the fine, then and only then may imprisonment be imposed and then only after a determination that the appellant is financially able to pay the fine or costs. Rule 65(a) of the Pennsylvania Rules of Criminal Procedure provides:

> (a) If a defendant, sentenced to pay a fine or costs after a finding of guilt in a summary case, defaults in such payments, the issuing authority shall not commit the defendant to prison for failure to pay a fine or costs unless, after hearing, it appears that the defendant is financially able to pay the fine or costs.

Therefore, it is quite clear that to date in this summary process there has been no time that a prison

sentence could have been imposed, much less was likely. If the interpretation were otherwise, Rule 316(a) would be without meaning for a contra interpretation would mean that every defendant in every summary proceeding would be entitled to court-appointed counsel.

Accordingly, we will enter the following

ORDER

AND Now, October 7, 1980, the order of the Court of Common Pleas of Lancaster County, Criminal Division, filed November 1, 1979, to No. 1120 of 1979, is affirmed.