466 A.2d 677

**COMMONWEALTH of Pennsylvania**

v.

**Carole J. FARMER, Appellant.**

Superior Court of Pennsylvania.

Argued June 1, 1983.

Filed Oct. 7, 1983.

Dennis D. Brogan, Assistant Public Defender, West Chester, for appellant.

Phyllis R. Streitel, Assistant District Attorney, West Chester, for Commonwealth, appellee.

Before ROWLEY, WIEAND and BECK, JJ.

BECK, Judge:

Appellant, Carole J. Farmer, appeals from the lower court order denying her Petition to Strike Constable Costs imposed by a Chester County District Justice.

The facts underlying the denial of that Petition were stipulated to at an October 14, 1981 hearing on the petition and are as follows. Appellant was arrested for outstanding warrants occasioned by her failure to respond to parking violation summonses. Notes of Testimony 10/14/81 at 2. She was testifying before the District Justice in an unrelated matter, and she was arrested after that hearing. *Id.*

In an "informal" hearing on June 10, 1981, the District Justice inquired of appellant whether she could pay any of the amount due. *Id.* She responded that she could not at that time pay any of the money due, that she was unemployed and on welfare, but that she could make some payment in a couple of days. *Id.* The District Justice responded that if she presently did not have the money to pay, she would be incarcerated immediately. *Id.* She was transported to the county prison in Franklin County as that was the nearest county prison housing women. *Id.* at 3.

At this June 10, 1981 hearing, a second hearing was scheduled for one week later. *Id.* She remained in Franklin County Prison until the date of the second hearing, at which hearing she agreed to bi-weekly payments of $25.00. *Id.* She was also assessed costs of $536.50 for transportation to and from Franklin County Prison. Appellant petitioned to strike those costs for transportation and appeals from denial of that petition.[1]

Because we agree with appellant that the District Justice failed to comply either with Pa.R.Crim.P. 65, in incarcerating appellant upon her statement that she was unable to pay the parking fines, or with Pa.R.Crim.P. 316, in failing to

---

1. The Commonwealth concurs in the conclusion of the lower court that this matter should be remanded for an evidentiary hearing to determine whether appellant was unlawfully confined and whether transportation costs were improperly imposed. While it is true that the testimony in the June 10, 1981 hearing was not transcribed, we find that the aforementioned stipulated testimony constituted a sufficient basis upon which to review the denial of appellant's petition to strike. We can discern no useful purpose in remanding, and accordingly we proceed to review the merits of the within appeal. To do otherwise would undermine our interest in judicial economy.

provide counsel for appellant when there was a likelihood that she would be imprisoned, we reverse and strike the constable costs that resulted from transporting her to and . from Franklin County Prison.[2]

Pa.R.Crim.P. 65 states in relevant part:

**Rule 65.  Default in Payment and Collection of Fines and Costs After Summary Convictions**

(a) If a defendant, sentenced to pay a fine or costs after a finding of guilty in a summary case, defaults in such payments, *the issuing authority shall not commit the defendant to prison for failure to pay a fine and costs unless, after hearing, it appears that the defendant is financially able to pay the fine or costs.*

(Emphasis added.)  It is clear from the October 14, 1981 hearing, at which time the June 10, 1981 hearing was discussed, that appellant was incarcerated without the requisite finding under Rule 65 that she was able to pay her fines.

It is likewise clear that the District Justice violated Pa.R. Crim.P. 316 in failing to afford appellant counsel prior to incarcerating her.  Rule 316 provides in relevant part:

**Rule 316.  Assignment of Counsel (a) In Summary Cases**

Counsel shall be assigned in all summary cases to all defendants who are without financial resources or who are otherwise unable to employ counsel *when there is a likelihood that imprisonment will be imposed.*

(Emphasis added.)

As the Commonwealth Court reasoned in *Groff v. Township of Elizabeth, Lancaster County,* 54 Pa.Cmwlth. 192,

---

**2.**  In light of our disposition, we need not reach appellant's other claims that (1) she demonstrated at the informal hearing her inability to pay her fine and (2) she was denied equal protection of the laws in that she was transported to Franklin County Prison because Chester County Prison had no facilities for women.  Appellant argues that the disparate treatment she received as a woman which resulted in an incremental transportation cost was constitutionally indefensible.

193, 420 A.2d 791, 792 (1980), *cert. denied,* 454 U.S. 868, 102 S.Ct. 335, 70 L.Ed.2d 171 (1981):

> Appellant would be entitled to court-appointed counsel under Rule 316(a) of the Pennsylvania Rules of Criminal Procedure only when there is a likelihood that imprisonment will be imposed. In this case the penalty provided in the ordinance is the imposition of the fine. In default of the payment of the fine, then and only then may imprisonment be imposed and then only after a determination that the appellant is financially able to pay the fine or costs.

As the Comment following Pa.R.Crim.P. 316 makes clear, paragraph (a) of that rule was intended to implement *Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). The Commonwealth Court noted in *Bacik v. Commonwealth,* 61 Pa.Cmwlth. 552, 554–55, 434 A.2d 860, 862 (1981) (emphasis in original), *appeal dismissed,* 456 U.S. 967, 102 S.Ct. 2227, 72 L.Ed.2d 841 (1982) that *Argersinger* "held that the federal constitution required that, 'absent a knowing and intelligent waiver, no person may be *imprisoned* for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial.'" The United States Supreme Court in *Scott v. Illinois,* 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979) interpreted the *Argersinger* rule as not requiring that the state must provide counsel whenever imprisonment is an authorized penalty; rather the *Scott* Court held "that the Sixth and Fourteenth Amendments to the United States Constitution require only that no indigent criminal defendant be sentenced to a term of imprisonment unless the State has afforded him the right to assistance of appointed counsel in his defense." *Id.* at 374–75, 99 S.Ct. at 1162–63. Here, appellant was incarcerated without having been afforded the aid of counsel. Thus, Rule 316 was violated.

Order reversed and the constable costs relating to transportation are stricken.