FINAL REPORT[1]

*Amendments to Pa.Rs.Crim.P. 431, 441, 452, 456, 461, and 1033*

INCARCERATION FOR FAILURE TO POST SUMMARY CASE COLLATERAL

On April 10, 2015, effective July 10, 2015, upon the recommendation of the Criminal Procedural Rules Committee, the Court amended Rules 431 (Procedures When Defendant Arrested with Warrant), 441 (Procedures When Defendant Arrested without Warrant), 452 (Collateral), 456 (Default Procedures: Restitution, Fines, and Costs), 461 (Stays), and 1033 (Procedures When Defendant Arrested with Warrant) to provide guidance for the setting of collateral in summary cases.

**Background**

The Committee had received a number of reports from various sources, including the Court Administrator of Pennsylvania, several magisterial district judges, and press reports, raising concerns regarding the practice of issuing authorities incarcerating summary case defendants for failure to post collateral. The two areas where these problems arose most frequently were while a defendant is awaiting summary trial or while a defendant is awaiting a payment determination hearing. Additionally, there were reported problems with incarceration resulting from collateral set during the stay period pending appeal under Rule 461. The reports suggest that this practice is increasing and has resulted in hardship for defendants in relatively minor cases, such as parking violation cases.

The Committee recognized that the increased use of incarceration for failure to post collateral results from the frustration of the courts with scofflaw defendants, both for failing to appear for summary trials and for failing to pay appropriately awarded fines and costs. Nonetheless, the Rules of Criminal Procedure have always reflected the

[1] The Committee's *Final Reports* should not be confused with the official Committee *Comments* to the rules. Also note that the Supreme Court does not adopt the Committee's *Comments* or the contents of the Committee's explanatory *Final Reports*.

view that summary cases, because of their relatively minor nature, are not deserving of extended imprisonment, especially when the incarceration is the result of financial obligations that the defendant may not have the financial ability to pay.

The Committee concluded that the rules should be amended to more equitably balance the interests of the courts in ensuring that a defendant meets his or her obligations with the need to avoid unduly harsh methods of enforcement. Proposed amendments to address these concerns were published for comment on January 21, 2014. *See* 44 *Pa.B.* 577 (February 1, 2014).

**Collateral in Pre-Disposition Summary Cases**

While the rules generally permit an issuing authority to set collateral in a summary case to the full amount of fines and costs to ensure a defendant's appearance at summary trial, the preference under the rules always has been that less restrictive alternatives, such as release on recognizance (ROR), are preferable. As the original *Comment* to Rule 452 (Collateral) noted, ROR release is appropriate when the issuing authority has reasonable grounds to believe that the defendant will appear for trial.

The Rule 452 *Comment* language expressing this policy has been moved into the rule itself to give it greater weight. Based upon publication comments, the Committee concluded that the defendant should be released on recognizance and that collateral be set only if the issuing authority has reasonable grounds to believe that the defendant would not appear. This concept has been incorporated into new paragraph (A). The language of original paragraph (A) is now contained in paragraph (B) and provides that, where there are reasonable grounds to believe the defendant will not appear, collateral may be set.

The Committee initially considered adding language stating that the issuing authority should release the defendant if he or she is without adequate resources to deposit collateral. However, the Committee believes that this restriction should not be absolute. Instead, the Committee considered adding to the Rule 452 *Comment* a cross-reference to Rule 523 for the factors that the issuing authority should consider in making the determination as to whether to set collateral and, if so, what amount the collateral

should be.  Since these factors include "the defendant's employment status and history, and financial condition," as provided in Rule 523 (A)(2), the Committee believed that this would address the defendant's ability to deposit the collateral.  Based on publication responses, the Committee determined that this provision should be strengthened by making the reliance on the Rule 523 factors a mandatory provision in the rule rather than merely a cross-reference in the *Comment.*  This provision is contained in new paragraph (C).

The Committee also concluded that the rule should include a requirement that the issuing authority state in writing their reasons why collateral has been set. This provides for a more thoughtful consideration for setting collateral. New paragraph (D) sets forth this requirement.  New paragraph (E) contains the remainder of the substance of the original third paragraph of the *Comment*, relating to requests to modify collateral.

Similar language also has been added to Rules 431(B)(3)(b), 441(C)(1)(b) and 1033(D)(1). These rules provide the procedures when a defendant is arrested in summary cases.  A defendant who has been arrested is most likely to have collateral set while awaiting trial.  The three rules have been amended to provide that the defendant must be released on recognizance unless there are reasonable grounds to believe the defendant will not appear and that, if collateral is set, the issuing authority must consider the Rule 523 factors and state the reasons for setting collateral in writing.

In addition, the Committee determined that there should be a limitation placed on the length of time that a defendant can be incarcerated for failure to post collateral while awaiting summary trial.  This was similar to the time limitation, described below, that has been added for the payment determination hearing.  The Committee concluded that protection against excessive incarceration is even more compelling in the pre-trial situation since the defendant, unlike in the payment determination hearing situation, has not yet have been convicted.  As with the time limitation for payment determination hearings, the defendant shall not be incarcerated for more than 72 hours from the time the defendant was brought before the issuing authority without the summary trial being held.   The amendment also provides that if the 72 hours expires on a non-business day, the trial must be held by the close of next business day, a provision based on the

procedures for bench warrant hearings under Rule 150. The consequence of failing to hold the summary trial in the time-period would be that the defendant be released ROR pending trial.

**Collateral in Payment Determination Hearing Cases**

Another problem the Committee considered was the lengthy periods of time that it takes in some cases for a payment determination hearing to be held, during which a defendant who fails to post collateral is incarcerated.  The original Rule 456 *Comment* requires that a payment determination hearing be held "immediately." When first adopted, the Committee's assumption was that there should not be a significant delay between the defendant's arrest and the default hearing.  The Committee did not place a specific time limit on when the hearing must be held because of the concern that the time limit would become the normal period for the holding of such hearings and the Committee did not want to preclude earlier hearings.

Since the reports suggest that there are often lengthy periods of delay in holding the payment determination hearing, the Committee concluded that the rule should be amended to provide more detailed requirements for the timing of the hearing. Therefore, the "held immediately" language has been moved from the *Comment* into the rule text.  Additionally, the rule has been amended to state that, when the hearing cannot be held immediately, ROR is the preferred form of release unless there are reasonable grounds to believe the defendant will not appear.  Further, the rule has been amended to place a specific outer time limit of 72 hours for when this hearing must be held.  A 72-hour time limit would be consistent with the time limit for a bench warrant hearing under Rule 150.

As published, the proposal added the 72-hour time limitation for when a payment determination hearing must be held in all cases.  However, one of the publication responses suggested that the issuing authority should have more flexibility in scheduling the hearing when the defendant is not incarcerated since often the issuing authority will work with the defendant in dealing with default in payments. Therefore, the rule has been amended to apply the time limitations only to the situation where the

defendant was incarcerated and the only consequence for failing to meet the limitation is release of the defendant ROR.

A requirement to consider the Rule 523 factors in setting collateral also has been added to Rule 456 similar to those added to Rules 431, 441, 452, and 1033. Rule 456 also has been amended to include the requirement that the issuing authority state in writing why collateral other than ROR has been set. This requirement is intended to encourage the issuing authority to engage in a more thoughtful analysis of the form of release.

Finally, the Committee concluded that current Rule 456 did not make it clear that the same procedures related to collateral that are followed after the issuance of a notice of payment hearing should be followed when a warrant is issued. Therefore, the rule has been amended to include a new paragraph (D) clarifying that the procedures apply both "when a defendant appears pursuant to the notice in paragraph (B) or pursuant to an arrest warrant issued for failure to respond to the notice as provided in paragraph (C)."

The Committee also considered whether the rules should address the issue of the right to counsel for payment determination hearings. Initially, the Committee believed that this question was more amenable to definition by case law. However, following publication, the Committee reconsidered this question. The Committee concluded that counsel should be afforded to a defendant at a payment determination hearing when there was a likelihood of incarceration. The Committee agreed that the rules should provide some guidance on this question. Therefore, a cross-reference to the general case law concerning the right to counsel cases has been added to the Rule 456 *Comment*. In addition to the seminal right to counsel cases of *Alabama v. Shelton*, 535 U.S. 654 (2002) and *Scott v. Illinois*, 440 U.S. 367 (1979), the *Comment* includes cross-reference to two additional cases. The first case is *Commonwealth v. Farmer,* 466 A.2d 677 (Pa. Super. 1983), that held that a defendant was improperly incarcerated because she was not afforded counsel at an "informal" proceeding following her arrest for failing to respond to traffic citations at which she indicated she would not be able to pay any money towards the fines. The other case is *Commonwealth v. Spontarelli,* 791

A.2d 1254 (Pa.Cmmw. 2002) that held that the defendant had the right to counsel in a summary trial for violation of a municipal ordinance where the default on payment of a fine could result in incarceration.  While neither of these cases is directly on point, the Committee believes they are sufficiently analogous to the situation of a defendant facing incarceration for failure to pay a summary fine to be instructional.

Additionally, the original Rule 456 *Comment* contained the language, "*See also* Rules 121 and 122 (dealing with the right to counsel)."  The Committee concluded that this was a misleading statement since neither of those rules deal with the right to counsel but rather provide for the appointment and waiver of counsel.  The *Comment* language has been revised to provide a correct description.  Similar corrections have been made to the Rule 431 and 441 *Comments*.

**Incarceration during the Stay Period Pending Appeal**

The Committee also considered the situation when the defendant has been sentenced to imprisonment and then is ordered to post bail/collateral during the automatic stay period for the appeal pursuant to Rule 461. Although the report that prompted the Committee's consideration of this issue concerned appeals from a sentence of imprisonment following a payment determination hearing, it is also a concern in cases involving the automatic stay provisions following summary trial.

In some cases, when the defendant is unable to post this collateral, he or she is incarcerated for the entire period of the stay. As a result, it appears that the defendants in some cases are being incarcerated for periods longer than the period for which they have been sentenced.  The Committee concluded that there is no reason why a defendant should be held for a longer period than the original sentence pending the appeal.  Even with that correction however, this process renders the right to appeal and its associated stay moot. The defendant may win the appeal, by, for example, being found to have not been able to pay, but has still served the period of incarceration.

The Committee also noted that similar concerns apply when a defendant is sentenced to pay fines and costs. During the 30-day time period the defendant has to take an appeal, the rule permits the magisterial district judge to collect the fines and

costs. If the defendant files an appeal, the stay provisions apply and the rule provides for collateral to be imposed.  The Committee concluded that the same principles for setting collateral should be applied to these situations as well.

Furthermore, when the stay provisions of Rule 461 were adopted, the Committee did not consider that it would be a regular practice to incarcerate a defendant pending such an appeal and the stay provision contemplates that the defendant would remain at liberty pending the appeal.  However, the Committee recognized that there may the occasional case in which assurances of the defendant's presence would be necessary.  Therefore, the amendments do not contain a complete prohibition of setting collateral at this stage.  However, to ensure that there is a demonstrated rationale for setting collateral in these situations, the Rule 461(D) provision that permits the setting of collateral has been amended to require the issuing authority to state in writing why collateral other than ROR has been set.  As with the other proposed amendments, a requirement to consider the factors in Rule 523 for setting bail must be used as a model in determining whether and what amount of collateral should be set.  Additionally, the factors to be considered also include the length of the potential sentence.  Finally, an explicit statement has been added to the rule that a period of incarceration due to a failure to post collateral shall not exceed the original sentence of imprisonment.