RULE 430.  ISSUANCE OF WARRANT.

(A)  ARREST WARRANTS INITIATING PROCEEDINGS

A warrant for the arrest of the defendant shall be issued when:

(1)  the citation or summons is returned undelivered; or

(2)  the issuing authority has reasonable grounds to believe that the defendant will not obey a summons.

(B)  BENCH WARRANTS

(1) A bench warrant shall be issued when:

(a)  the defendant fails to respond to a citation or summons that was served upon the defendant personally or by certified mail return receipt requested; or

(b)  the defendant has failed to appear for the execution of sentence as required in Rule 454(F)(3).

(2) A bench warrant may be issued when a defendant has entered a not guilty plea and fails to appear for the summary trial, if the issuing authority determines, pursuant to Rule 455(A), that the trial should not be conducted in the defendant's absence.

(3)  A bench warrant may be issued when:

(a)  the defendant has entered a guilty plea by mail and the money forwarded with the plea is less than the amount of the fine and costs specified in the citation or summons; or

(b)  the defendant has been sentenced to pay restitution, a fine, or costs and has defaulted on the payment; or

(c)  the issuing authority has, in the defendant's absence, tried and sentenced the defendant to pay restitution, and/or to pay a fine and costs and the collateral deposited by the defendant is less than the amount of the fine and costs imposed.

(4)  No warrant shall issue under paragraph (B)(3) unless the defendant has been given notice in person or by first class mail that failure to pay the amount due or to appear for a hearing may result in the issuance of a bench warrant, and the defendant has not responded to this notice within 10 days.  Notice by first class mail shall be considered complete upon mailing to the defendant's last

known address.

COMMENT: Personal service of a citation under paragraph (B)(1) is intended to include the issuing of a citation to a defendant as provided in Rule 400**[(A)]** and the rules of Chapter 4, Part B(1).

When the defendant is under 18 years of age, and the defendant has failed to respond to the citation, the issuing authority must issue a summons as provided in Rule 403(B)(4)(a). If the defendant fails to respond to the summons, the issuing authority should issue a warrant as provided in either paragraph (A)(1) or (B)(1). **[*See also* the Public School Code of 1949, 24 P.S. § 13-1333(b)(2) that permits the issuing authority to allege the defendant dependent.]**

A bench warrant may not be issued under paragraph (B)(1) when a defendant fails to respond to a citation or summons that was served by first class mail. *See* Rule 451.

Nothing in this rule is intended to preclude a judicial district from utilizing the United States Postal Service's return receipt electronic option, or any similar service that electronically provides a return receipt, when using certified mail, return receipt requested.

Rule 454 provides that the issuing authority is to direct any defendant who is sentenced to a term of imprisonment to appear for the execution of sentence on a date certain following the expiration of the 30-day stay required by Rule 461. Paragraph (B)(1)(b), formerly paragraph (A)(1)(d), was added in 2003 to make it clear that an issuing authority should issue a warrant for the arrest of any defendant who fails to appear for the execution of sentence.

Ordinarily, pursuant to Rule 455, the issuing authority must conduct a summary trial in the defendant's absence. However, if the issuing authority determines that there is a likelihood that the sentence will include imprisonment or that there is other good cause not to conduct the summary trial, the issuing authority may issue a bench warrant for the arrest of the defendant pursuant to paragraph (B)(2) in order to bring the defendant before the issuing authority for the summary trial.

The bench warrant issued under paragraph (B)(3) should state the amount required to satisfy the sentence.

When a defendant is arrested pursuant to paragraph (B)(3), the issuing authority must conduct a hearing to determine whether the defendant is able to pay the amount of restitution, fine, and costs that is due. *See* Rule 456.

Except in cases brought pursuant to the Public School Code of 1949, 24 P.S. § 1-102 *et seq.*, in which the defendant is at least **[13] 15** years of age but not yet 17, if the defendant is under 18 years of age and has not paid the fine and costs, the issuing authority must issue the notice required by paragraph (B)(4) to the defendant and the defendant's parents, guardian, or other custodian informing the defendant and defendant's parents, guardian, or other custodian that, if payment is not received or the defendant does not appear within the 10-day time period, the issuing authority will certify notice of the failure to pay to the court of common pleas as required by the Juvenile Act, 42 Pa.C.S. § 6302, definition of "delinquent act," paragraph (2)(iv). Thereafter, the case will proceed pursuant to the Rules of Juvenile Court Procedure and the Juvenile Act instead of these rules.

If the defendant is charged with a violation of the compulsory attendance requirements of the Public School Code of 1949, 24 P.S. § 1-102, *et seq.;* has attained the age of **[13] 15** but is not yet 17; and has failed to pay the fine, the issuing authority must issue the notice required by paragraph (B)(4) to the defendant and the defendant's parents, guardian, or other custodian informing the defendant and defendant's parents, guardian, or other custodian that, if payment is not received or the defendant does not appear within the 10-day time period, the issuing authority may **[allege] refer** the defendant **[dependent] for commencement of dependency proceedings** under 42 Pa.C.S. § 6303(a)(1). ***See* 24 P.S. §13-1333.3(f)(2) that provides for the adoption of a local policy for the referral of a case where a child has failed to satisfy a fine or costs to a juvenile probation officer for the commencement of dependency proceedings.** **[Pursuant to 24 P.S. § 13-1333(b)(2), the defendant's failure to pay is not a delinquent act and the issuing authority would not certify notice of the failure to pay to the common pleas court.]**

3

If the defendant is 18 years of age or older when the default in payment occurs, the issuing authority must proceed under these rules.

When contempt proceedings are also involved, see Chapter 1 Part D for the issuance of arrest warrants.

*See* Rule 431 for the procedures when a warrant of arrest is executed.

NOTE:  Rule 75 adopted July 12, 1985, effective January 1, 1986; effective date extended to July 1, 1986; amended January 31, 1991, effective July 1, 1991; amended April 18, 1997, effective July 1, 1997; amended October 1, 1997, effective October 1, 1998; amended July 2, 1999, effective August 1, 1999; renumbered Rule 430 and amended March 1, 2000, effective April 1, 2001; amended February 28, 2003, effective July 1, 2003; *Comment* revised August 7, 2003, effective July 1, 2004; *Comment* revised April 1, 2005, effective October 1, 2005; amended June 30, 2005, effective August 1, 2006; amended January 26, 2007, effective February 1, 2008; *Comment* revised September 18, 2008, effective February 1, 2009; *Comment* revised January 17, 2013, effective May 1, 2013 **[.] ; *Comment* revised December 21, 2018, effective May 1, 2019.**

\*          \*          \*          \*          \*          \*

*COMMITTEE EXPLANATORY REPORTS:*

*Report explaining the January 31, 1991 amendments published at 20 Pa.B. 4788 (September 15, 1990); Supplemental Report published at 21 Pa.B. 621 (February 16, 1991).*

*Final Report explaining the April 18, 1997 amendments concerning arrest warrants when defendant fails to appear for trial published with the Court's Order at 27 Pa.B. 2117 (May 3, 1997).*

*Final Report explaining the October 1, 1997 amendments in*

*paragraph (3) and the provisions of new paragraph (4) published with the Court's Order at 27 Pa.B. 5414 (October 18, 1997).*

*Final Report explaining the July 2, 1999 amendments to paragraph (3)(c) and the Comment concerning restitution published with the Court's Order at 29 Pa.B. 3718 (July 17, 1999).*

*Final Report explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30 Pa.B. 1478 (March 18, 2000).*

*Final Report explaining the February 28, 2003 amendments adding paragraph (A)(1)(d) published with the Court's Order at 33 Pa.B. 1326 (March 15, 2003).*

*Final Report explaining the August 7, 2003 new Comment language concerning failure to pay fines and costs by juveniles published with the Court's Order at 33 Pa.B. 4293 (August 30, 2003).*

*Final Report explaining the April 1, 2005 Comment revision concerning application of the Juvenile Court Procedural Rules published with the Court's Order at 35 Pa.B. 2213 (April 16, 2005).*

*Final Report explaining the June 30, 2005 changes distinguishing between warrants that initiate proceedings and bench warrants in summary cases published with the Court's Order at 35 Pa.B. 3911 (July 16, 2005).*

*Final Report explaining the January 26, 2007 changes published with the Court's Order at 37 Pa.B. 760 (February 17, 2007).*

*Final Report explaining the September 18, 2008 revision of the Comment concerning the United States Postal Service's return receipt electronic option published with the Court's Order at 38 Pa.B. 5428 (October 4, 2008).*

*Final Report explaining the January 17, 2013 revision of the Comment concerning the Public School Code of 1949 published with the Court's Order at 43 Pa.B. 654 (February 2, 2013).*

*Final Report explaining the December 21, 2018 revision of the Comment concerning commencement of dependency proceedings published with the Court's Order at 49 Pa.B.      (            , 2019).*

RULE 455.  TRIAL IN DEFENDANT'S ABSENCE.

(A)  If the defendant fails to appear for trial in a summary case, the trial shall be conducted in the defendant's absence, unless the issuing authority determines that there is a likelihood that the sentence will be imprisonment or that there is other good cause not to conduct the trial in the defendant's absence.  If the trial is not conducted in the defendant's absence, the issuing authority may issue a warrant for the defendant's arrest.

(B)  At trial, the issuing authority shall proceed to determine the facts and render a verdict.

(C)  If the defendant is found not guilty, any collateral previously deposited shall be returned.

(D)  If the defendant is found guilty, the issuing authority shall impose sentence, and shall give notice by first class mail to the defendant of the conviction and sentence, and of the right to file an appeal within 30 days for a trial *de novo*.  In those cases in which the amount of collateral deposited does not satisfy the fine and costs imposed or the issuing authority imposes a sentence of restitution, the notice shall also state that failure within 10 days of the date on the notice to pay the amount due or to appear for a hearing to determine whether the defendant is financially able to pay the amount due may result in the issuance of an arrest warrant.

(E)  Any collateral previously deposited shall be forfeited and applied only to the payment of the fine, costs, and restitution.  When the amount of collateral deposited is more than the fine, costs, and restitution, the balance shall be returned to the defendant.

(F)  If the defendant does not respond within 10 days to the notice in paragraph (D), the issuing authority may issue a warrant for the defendant's arrest.

> COMMENT:  In those cases in which the issuing authority determines that there is a likelihood that the sentence will be imprisonment or that there is other good cause not to conduct the trial in the defendant's absence, the issuing authority may issue a warrant for the arrest of the defendant in order to have the defendant brought before the issuing authority for the summary trial.  *See* Rule 430(B).  The trial would then be conducted with the defendant present as provided in these rules.  *See* Rule 454.
>
> When the defendant was under 18 years of age at the time of the offense and is charged with a summary offense that would otherwise carry a mandatory sentence of

6

imprisonment as prescribed by statute, the issuing authority is required to conduct the summary trial but may not sentence the defendant to a term of imprisonment.  *See* 42 Pa.C.S. §§ 6302 and 6303 and 75 Pa.C.S. § 6303(b).

Paragraph (D) provides notice to the defendant of conviction and sentence after trial in absentia to alert the defendant that the time for filing an appeal has begun to run. *See* Rules 408(B)(3), 413(B)(3), and 423(B)(3).

*See* Rule 454(F) for what information must be included in a sentencing order when restitution is included in the sentence.

Except in cases under the Public School Code of 1949, 24 P.S. § 1-102, *et seq.*, in which the defendant is at least **[13] 15** years of age but not yet 17, if the defendant is under 18 years of age, the notice in paragraph (D) must inform the defendant and defendant's parents, guardian, or other custodian that, if payment is not received or the defendant does not appear within the 10-day time period, the issuing authority will certify notice of the failure to pay to the court of common pleas as required by the Juvenile Act, 42 Pa.C.S. § 6302, definition of "delinquent act," paragraph (2)(iv), and the case will proceed pursuant to the Rules of Juvenile Court Procedure and the Juvenile Act instead of these rules.

If the defendant is charged with a violation of the compulsory attendance requirements of the Public School Code of 1949, 24 P.S. § 1-102, *et seq.;* has attained the age of **[13] 15** but is not yet 17; and has failed to pay the fine, the issuing authority must issue the notice required by paragraph (D) to the defendant and the defendant's parents, guardian, or other custodian informing the defendant and defendant's parents, guardian, or other custodian that, if payment is not received or the defendant does not appear within the 10-day time period, the issuing authority may **[allege] refer** the defendant **[dependent] for commencement of dependency proceedings** under 42 Pa.C.S. § 6303(a)(1). ***See* 24 P.S. §13-1333.3(f)(2) that provides for the adoption of a local policy for the referral of a case where a child has failed to satisfy a fine or costs to a juvenile probation officer for the commencement of dependency proceedings.** **[Pursuant to 24 P.S. § 13-1333(b)(2), the defendant's failure to pay is not a delinquent act and the issuing authority would not certify notice of the failure**

7

**to pay to the common pleas court.]**

If the defendant is 18 years of age or older and fails to pay or appear as required in paragraph (D), the issuing authority must proceed under these rules.

Paragraph (E) was amended in 2016 to clarify that collateral may be forfeited for the payment of restitution as well as for the fine and costs that have been assessed by an issuing authority. *See* 18 Pa.C.S. § 1106(d) for the authority of a magisterial district judge to impose restitution on a defendant.

Concerning the appointment or waiver of counsel, see Rules 121 and 122.

For arrest warrant procedures in summary cases, see Rules 430 and 431.

NOTE:  Rule 84 adopted July 12, 1985, effective January 1, 1986; January 1, 1986 effective date extended to July 1, 1986; amended February 1, 1989, effective July 1, 1989; amended April 18, 1997, effective July 1, 1997; amended October 1, 1997, effective October 1, 1998; renumbered Rule 455 and *Comment* revised March 1, 2000, effective April 1, 2001; *Comment* revised August 7, 2003, effective July 1, 2004; *Comment* revised April 1, 2005, effective October 1, 2005; amended August 15, 2005, effective February 1, 2006; *Comment* revised January 17, 2013, effective May 1, 2013; *Comment* revised July 17, 2013, effective August 17, 2013 ; *Comment* revised March 9, 2016, effective July 1, 2016; amended June 10, 2016, effective August 1, 2016 **[.]** **; *Comment* revised December 21, 2018, effective May 1, 2019.**

\*          \*          \*          \*          \*          \*

*COMMITTEE EXPLANATORY <u>REPORTS</u>:*

*<u>Final</u> <u>Report</u> explaining the April 18, 1997 amendments mandating a summary trial <u>in</u> <u>absentia</u> with certain exceptions published with the Court's Order at 27 <u>Pa.B.</u> 2117 (May 3, 1997).*

*Final Report explaining the October 1, 1997 amendments to paragraphs (D) and (E) published with the Court's Order at 27 Pa.B. 5414 (October 1, 1997).*

*Final Report explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30 Pa.B. 1478 (March 18, 2000).*

*Final Report explaining the August 7, 2003 changes to the Comment concerning failure to pay and juveniles published with the Court's Order at 33 Pa.B. 4293 (August 30, 2003).*

*Final Report explaining the April 1, 2005 Comment revision concerning application of the Juvenile Court Procedural Rules published with the Court's Order at 35 Pa.B. 2213 (April 16, 2005).*

*Final Report explaining the August 15, 2005 amendments to paragraph (D) concerning notice of right to appeal published with the Court's Order at 35 Pa.B. 4918 (September 3, 2005).*

*Final Report explaining the January 17, 2013 revisions of the Comment concerning the Public School Code of 1949 published with the Court's Order at 43 Pa.B. 654 (February 2, 2013).*

*Final Report explaining the July 17, 2013 Comment vision concerning mandatory incarceration offenses and juveniles published with the Court's Order at 43 Pa.B. 4323 (August 3, 2013).*

*Final Report explaining the June 10, 2016 amendments clarifying that forfeited collateral may be applied to restitution published with the Court's Order at 46 Pa.B. 3235 (June 25, 2016).*

*Final Report explaining the December 21, 2018 revision of the Comment concerning commencement of dependency proceedings published with the Court's Order at 49 Pa.B.        (              , 2019).*

RULE 456.  DEFAULT PROCEDURES:  RESTITUTION, FINES, AND COSTS.

(A)  When a defendant advises the issuing authority that a default on a single remittance or installment payment of restitution, fines, or costs is imminent, the issuing authority may schedule a hearing on the defendant's ability to pay.  If a new payment schedule is ordered, the order shall state the date on which each payment is due, and the defendant shall be given a copy of the order.

(B)  If a defendant defaults on the payment of fines and costs, or restitution, as ordered, the issuing authority shall notify the defendant in person or by first class mail that, unless within 10 days of the date on the default notice, the defendant pays the amount due as ordered, or appears before the issuing authority to explain why the defendant should not be imprisoned for nonpayment as provided by law, a warrant for the defendant's arrest may be issued.

(C)  If the defendant appears pursuant to the 10-day notice in paragraph (B) or following an arrest for failing to respond to the 10-day notice in paragraph (B), the issuing authority shall conduct a hearing immediately to determine whether the defendant is financially able to pay as ordered.

    (1)  If the hearing cannot be held immediately, the issuing authority shall release the defendant on recognizance unless the issuing authority has reasonable grounds to believe that the defendant will not appear, in which case, the issuing authority may set collateral as provided in Rule 523.

    (2) If collateral is set, the issuing authority shall state in writing the reason(s) why any collateral other than release on recognizance has been set and the facts that support a determination that the defendant has the ability to pay monetary collateral.

    (3)  If collateral is set and the defendant does not post collateral, the defendant shall not be detained without a hearing longer than 72 hours or the close of the next business day if the 72 hours expires on a non-business day.

(D) When a defendant appears pursuant to the notice in paragraph (B) or pursuant to an arrest warrant issued for failure to respond to the notice as provided in paragraph (C):

    (1)  upon a determination that the defendant is financially able to pay as ordered, the issuing authority may impose any sanction provided by law.

    (2)  Upon a determination that the defendant is financially unable to pay as ordered, the issuing authority may order a schedule or reschedule for installment payments, or alter or amend the order as otherwise provided by law.

    (3)  At the conclusion of the hearing, the issuing authority shall:

(a)  if the issuing authority has ordered a schedule of installment payments or a new schedule of installment payments, state the date on which each installment payment is due;

(b)  advise the defendant of the right to appeal within 30 days for a hearing *de novo* in the court of common pleas, and that if an appeal is filed:

> (i)　　the execution of the order will be stayed and the issuing authority may set bail or collateral; and

> (ii)　　the defendant must appear for the hearing *de novo* in the court of common pleas or the appeal may be dismissed;

(c)  if a sentence of imprisonment has been imposed, direct the defendant to appear for the execution of sentence on a date certain unless the defendant files a notice of appeal within the 30-day period; and

(d)  issue a written order imposing sentence, signed by the issuing authority.  The order shall include the information specified in paragraphs (D)(3)(a) through (D)(3)(c), and a copy of the order shall be given to the defendant.

(E)  A defendant may appeal an issuing authority's determination pursuant to this rule by filing a notice of appeal within 30 days of the issuing authority's order.  The appeal shall proceed as provided in Rules 460, 461, and 462.

> COMMENT:  The purpose of this rule is to provide the procedures governing defaults in the payment of restitution, fines, and costs.
>
> Although most of this rule concerns the procedures followed by the issuing authority after a default occurs, paragraph (A) makes it clear that a defendant should be encouraged to seek a modification of the payment order when the defendant knows default is likely, but before it happens.  For fines and costs, see 42 Pa.C.S. § 9730(b)(3).
>
> An issuing authority may at any time alter or amend an order of restitution.  *See* 18 Pa.C.S. § 1106(c)(2) and (3).
>
> When a defendant defaults on a payment of restitution, fines, or costs, paragraph (B) requires the issuing authority to notify the defendant of the default, and to provide the defendant with an opportunity to pay the amount due or appear within 10 days to explain why the defendant should

11

not be imprisoned for nonpayment. Notice by first class mail is considered complete upon mailing to the defendant's last known address. *See* Rule 430(B)(4).

Except in cases under the Public School Code of 1949, 24 P.S. § 1-102, *et seq.*, in which the defendant is at least **[13] 15** years of age but not yet 17, if the defendant is under 18 years of age, the notice in paragraph (B) must inform the defendant and defendant's parents, guardian, or other custodian that, if payment is not received or the defendant does not appear within the 10-day time period, the issuing authority will certify notice of the failure to pay to the court of common pleas as required by the Juvenile Act, 42 Pa.C.S. § 6302, definition of "delinquent act," paragraph (2)(iv), and the case will proceed pursuant to the Rules of Juvenile Court Procedure and the Juvenile Act instead of these rules**.**

If the defendant is charged with a violation of the compulsory attendance requirements of the Public School **[Act] Code** of 1949, 24 P.S. § 1-102, *et seq.;* has attained the age of **[13] 15** but is not yet 17; and has failed to pay the fine, the issuing authority must issue the notice required by paragraph (B)**[(4)]** to the defendant and the defendant's parents, guardian, or other custodian informing the defendant and defendant's parents, guardian, or other custodian that, if payment is not received or the defendant does not appear within the 10-day time period, the issuing authority may **[allege] refer** the defendant **[dependent] for commencement of dependency proceedings** under 42 Pa.C.S. § 6303(a)(1). **See 24 P.S. §13-1333.3(f)(2) that provides for the adoption of a local policy for the referral of a case where a child has failed to satisfy a fine or costs to a juvenile probation officer for the commencement of dependency proceedings.** [Pursuant to 24 P.S. § 13-1333(b)(2), the defendant's failure to pay is not a delinquent act and the issuing authority would not certify notice of the failure to pay to the common pleas court.]

If the defendant is 18 years or older when the default in payment occurs, the issuing authority must proceed under these rules.

Pursuant to paragraph (C), the issuing authority must conduct a default hearing when a defendant responds to the 10-day notice as provided in paragraph (B), or when the

12

defendant is arrested for failing to respond to the 10-day notice. If the default hearing cannot be held immediately, the issuing authority may set collateral as provided in Rule 523. However, the issuing authority should only set monetary collateral when he or she has determined that less restrictive conditions of release will not be effective in ensuring the defendant's appearance.

Under paragraph (D)(1), when the issuing authority determines that a defendant is able to pay as ordered, the issuing authority may, as provided by law, impose imprisonment or other sanctions. In addition, delinquent restitution, fines, or court costs may be turned over to a private collection agency. *See* 42 Pa.C.S. §§ 9730(b)(2) and 9730.1(a).

When a defendant is in default of an installment payment, the issuing authority on his or her own motion or at the request of the defendant or the attorney for the Commonwealth must schedule a rehearing to determine the cause of the default. Before an issuing authority may impose a sentence of imprisonment as provided by law for nonpayment of restitution, fines, or costs, a hearing or rehearing must be held whenever a defendant alleges that his or her ability to pay has been diminished. *See* 42 Pa.C.S. § 9730(b). No defendant may be sentenced to imprisonment or probation if the right to counsel was not afforded at trial. *See Alabama v. Shelton*, 535 U.S. 654 (2002) and *Scott v. Illinois*, 440 U.S. 367 (1979). *See also Commonwealth v. Farmer,* 466 A.2d 677 (Pa. Super. 1983) (Whenever there is a likelihood in a proceeding that imprisonment will be imposed, counsel must be assigned) and (*Commonwealth v. Spontarelli*, 791 A.2d 1254 (Pa. Cmmw. 2002) (defendant is entitled to appointed counsel when tried for violation of municipal ordinance that permits imprisonment upon default of payment of the fine). *See also* Rules 121 and 122 (dealing with appearance or waiver of counsel).

When a rehearing is held on a payment schedule for fines or costs, the issuing authority may extend or accelerate the payment schedule, leave it unaltered, or sentence the defendant to a period of community service, as the issuing authority finds to be just and practicable under the circumstances. *See* 42 Pa.C.S. § 9730(b)(3).

This rule contemplates that when there has been an appeal pursuant to paragraph (E), the case would return to the issuing authority who presided at the default hearing for completion of the collection process.

Nothing in this rule is intended to preclude an issuing authority from imposing punishment for indirect criminal contempt when a defendant fails to pay fines and costs in accordance with an installment payment order, 42 Pa.C.S. §§ 4137(a)(4), 4138(a)(3), and 4139(a)(3), or fails to pay restitution, 42 Pa.C.S. § 4137(a)(3). Separate Rules of Criminal Procedure govern contempt adjudications. *See* Chapter 1 Part D.

NOTE: Adopted July 12, 1985, effective January 1, 1986; amended September 23, 1985, effective January 1, 1986; January 1, 1986 effective dates extended to July 1, 1986; *Comment* revised February 1, 1989, effective July 1, 1989; rescinded October 1, 1997, effective October 1, 1998. New Rule 85 adopted October 1, 1997, effective October 1, 1998; amended July 2, 1999, effective August 1, 1999; renumbered Rule 456 and amended March 1, 2000, effective April 1, 2001; *Comment* revised August 7, 2003, effective July 1, 2004; amended March 3, 2004, effective July 1, 2004; *Comment* revised April 1, 2005, effective October 1, 2005; *Comment* revised September 21, 2012, effective November 1, 2012; *Comment* revised January 17, 2013, effective May 1, 2013; amended April 10, 2015, effective July 10, 2015 **[.]** **; *Comment* revised December 21, 2018, effective May 1, 2019.**

\*　　　\*　　　\*　　　\*　　　\*　　　\*

*COMMITTEE EXPLANATORY <u>REPORTS</u>:*

*<u>Final</u> <u>Report</u> explaining the new rule published with the Court's Order at 27 <u>Pa.B.</u> 5414 (October 18, 1997).*

*<u>Final</u> <u>Report</u> explaining the July 2, 1999 amendments to paragraph (C) published with the Court's Order at 29 <u>Pa.B.</u> 3718 (July 17, 1999).*

*Final Report* explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30 Pa.B. 1478 (March 18, 2000).

*Final Report* explaining the August 7, 2003 changes to the Comment concerning failure to pay and juveniles published with the Court's Order at 33 Pa.B. 4293 (August 30, 2003).

*Final Report* explaining the March 3, 2004 amendment to paragraph (B) published with the Court's Order at 34 Pa.B. 1561 (March 20, 2004).

*Final Report* explaining the April 1, 2005 Comment revision concerning application of the Juvenile Court Procedural Rules published with the Court's Order at 35 Pa.B. 2213 (April 16, 2005).

*Final Report* explaining the September 21, 2012 Comment revision correcting the typographical error in the fourth paragraph published with the Court's Order at 42 Pa.B. 6247 (October 6, 2012).

*Final Report* explaining the January 17, 2013 revisions of the Comment concerning the Public School Code of 1949 published with the Court's Order at 43 Pa.B. 654 (February 2, 2013).

*Final Report* explaining the April 10, 2015 amendments concerning the setting of collateral published with the Court's Order at 45 Pa.B. 2040 (April 25, 2015).

*Final Report explaining the December 21, 2018 revision of the Comment concerning commencement of dependency proceedings published with the Court's Order at 49 Pa.B.       (            , 2019).*

(This is an entirely new rule.)

RULE 490.1.  PROCEDURE FOR OBTAINING EXPUNGEMENT OF TRUANCY CASES; EXPUNGEMENT ORDER.

(A)  PETITION FOR EXPUNGEMENT

(1) An individual who satisfies the requirements of 24 P.S. §13-1333.3(h) for expungement of a summary truancy case may request expungement by filing a petition with the issuing authority by whom the charges were disposed.

(2)  The petition shall set forth:

(a)  the petitioner's name and any aliases that the petitioner has used, address, date of birth, and social security number;

(b)  the name and address of the issuing authority who accepted the guilty plea or heard the case;

(c)  the name and mailing address of the affiant as shown on the complaint or citation, if available;

(d)  the magisterial district court number;

(e)  the docket number;

(f)  the school from which the petitioner had been found to be truant;

(g)  the date on the citation or complaint, or the date of arrest, and, if available, and the criminal justice agency that made the arrest;

(h)  the specific charges, as they appear on the charging document, to be expunged;

(i)  the disposition and, if the sentence includes a fine, costs, or restitution, whether the amount due has been paid;

(j)  that the petitioner has satisfied the requirements of 24 P.S. §13-1333.3(h) for expungement; and

(k)  a verification by the petitioner that facts set forth in the petition are true and correct to the best of the petitioner's personal knowledge or information and belief.  The verification may be by a sworn affidavit or by an unsworn written statement that the facts are verified subject to the

16

penalties for unsworn falsification to authorities under the Crimes Code § 4904, 18 Pa.C.S. § 4904.

Additional information shall not be required by local rule or practice.

(3) A copy of the petitioner's high school diploma, a Commonwealth secondary school diploma or another Department of Education-approved equivalent, or documentation that the petitioner is subject to an exception to compulsory attendance under 24 P.S. §13-1330 shall be attached to the petition.

(4) A copy of the petition shall be served on the affiant, the attorney for the Commonwealth and the school from which the petitioner had been found to be truant concurrently with filing.

(B)  OBJECTIONS; HEARING

(1)  Within 30 days after service of the petition, the school, the affiant, or the attorney for the Commonwealth shall file a consent or objection to the petition or take no action.  The school's, affiant's, or attorney for the Commonwealth's consent or objection shall be filed with the issuing authority, and copies shall be served on the petitioner's attorney, or the petitioner if unrepresented.

(2)  Upon receipt of the school's, the affiant's, or the attorney for the Commonwealth's response, or no later than 14 days after the expiration of the 30-day period in paragraph (B)(1), the issuing authority shall grant or deny the petition or shall schedule a hearing.

(3)  At the hearing, if any, the petitioner, the affiant and the attorney for the Commonwealth and the school from which the petitioner had been found to be truant shall be afforded an opportunity to be heard.  Following the hearing, the issuing authority promptly shall enter an order granting or denying the petition.

(4)  If the issuing authority grants the petition for expungement, the issuing authority shall enter an order directing expungement.

(a)  The order shall contain the information required in paragraph (C).

(b)  Except when the school, the affiant, or the attorney for the Commonwealth has filed a consent to the petition pursuant to paragraph (B)(1), the order shall be stayed for 30 days pending an appeal.  If a timely notice of appeal is filed, the expungement order is stayed pending the disposition of the appeal and further order of court.

(5)  If the issuing authority denies the petition for expungement, the issuing authority shall enter an order denying the petition and stating the reasons for the denial.

(6) The issuing authority shall issue the order granting or denying the petition in writing, with copies to the school, the affiant, and the attorney for the Commonwealth, and shall make the order a part of docket.

(C)  ORDER

(1)  Every order for expungement shall include:

(a)  the petitioner's name and any aliases that the petitioner has used, address, date of birth, and social security number;

(b)  the name and address of the issuing authority who accepted the guilty plea or heard the case;

(c)  the name and mailing address of the affiant as shown on the complaint or citation, if available;

(d)  the magisterial district court number;

(e)  the docket number;

(f)  the school from which the petitioner had been found to be truant;

(g)  the date on the citation or complaint, or the date of arrest, and, if available, the criminal justice agency that made the arrest;

(h)  the specific charges, as they appear on the charging document, to be expunged;

(i)  the disposition and, if the sentence includes a fine, costs, or restitution, whether the amount due has been paid;

(j)  a statement that the petitioner has satisfied the requirements of 24 P.S. §13-1333.3(h) for expungement;

(k)  the criminal justice agencies upon which certified copies of the order shall be served; and

(l) a directive to the Department of Transportation to expunge all administrative records related to the truancy conviction.

Additional information shall not be required by local rule or practice.

18

(2)  The issuing authority shall serve a certified copy of the order to the school from which the petitioner had been found to be truant, the Pennsylvania Department of Transportation and to each criminal justice agency identified in the order.

> COMMENT:  This rule, adopted in 2018, provides the procedures for requesting and ordering expungement in summary truancy cases as provided in 24 P.S. §13-1333.3(h).  If the issuing authority finds the petitioner has satisfied the statutory conditions, the issuing authority shall grant the petition.
>
> As provided by statute, expungement petitions in truancy cases may be filed in a magisterial district court, a court of common pleas, or the Philadelphia Municipal Court.  *See* 24 P.S. §13-1333.2.  The use of the term "issuing authority" in this rule is intended to encompass all of these courts.
>
> Although magisterial district courts are not courts of record, provisions requiring certain occurrences, such as the entry of the expungement order, to be made "on the record" may be accomplished in the magisterial district court by documentation of these occurrences in the case record and the case docket.  *See* Rule 135.
>
> Paragraph (A)(4) provides for service of the petition upon the affiant, the attorney for the Commonwealth, and the school from which the petitioner had been found to be truant.  This is to provide an opportunity to challenge the petition and the facts supporting the petition.
>
> *See* Rule 490 for the procedures for expungement of summary cases other than truancy.  *See also* Rule 320 for the procedures for expungement following the successful completion of an ARD program in a summary case and Rule 790 for court case expungement procedures.
>
> This rule sets forth the only information that is to be included in every expungement petition and order.
>
> A form petition and form order of expungement has been created by the Administrative Office of Pennsylvania Courts, in consultation with the Committee, and is available at the following website:  http://www.pacourts.us/forms/for-the-public.

19

"Petition," as used in this rule, is a "motion" for purposes of Rules 575, 576, and 577. The term "petition" is used in recognition that motion practice usually is not conducted in magisterial district courts and that the expungement procedure under this rule is an exception to this general concept.

For the procedures for filing and service of petitions, see Rule 576.

For the procedures for filing and service of orders, see Rule 114.

For purposes of this rule, "criminal justice agency" includes police departments, county detectives, and other law enforcement agencies. *See also* 18 Pa.C.S. § 9102.

Concerning standing, see *In Re Administrative Order No. 1-MD-2003,* 936 A.2d 1 (Pa. 2007); *Commonwealth v. J.H.,* 759 A.2d 1269 (Pa. 2000).

NOTE:  Adopted December 21, 2018, effective May 1, 2019.

\*          \*          \*          \*          \*          \*

**COMMITTEE EXPLANATORY REPORTS:**

***Final Report explaining new Rule 490.1 regarding procedures for expungement in truancy cases published with the Court's Order at 49 Pa.B.          (          , 2019).***